IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. CORTEZ  D. HUBBARD

**Appeal from the Criminal Court for Shelby County**
**No. 03-07368     Arthur T. Bennett, Judge**

---

### No. W2004-01937-CCA-R3-CD  - Filed August 26, 2005

---

The Appellant, Cortez D. Hubbard, appeals the sentencing decision of the Shelby County Criminal Court which resulted in the imposition of an effective eight-year sentence of incarceration.  On appeal, Hubbard challenges the trial court's denial of alternative sentencing.  After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Robert Wilson Jones, Chief Public Defender; and Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the Appellant, Cortez D. Hubbard.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lee Coffee, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

        In October 2003, a Shelby County grand jury returned an indictment against the Appellant charging him with one count of especially aggravated burglary, one count of aggravated assault, and two counts of misdemeanor assault.  The indictment resulted from offenses which occurred in April of 2003.

        On June 2, 2004, the Appellant entered guilty pleas to especially aggravated burglary, aggravated assault, and one count of misdemeanor assault.  The remaining count of misdemeanor assault was dismissed.  The terms of the plea agreement provided that the Appellant would plead guilty as a Range I offender to especially aggravated burglary, a Class B felony; aggravated assault,

a Class C felony; and misdemeanor assault and receive sentences of eight years, three years, and eleven months and twenty-nine days respectively for these convictions. As part of the agreement, the sentences were to be served concurrently, but the manner of service of the sentences was to be determined by the trial court. At the guilty plea hearing, the State summarized the facts underlying the convictions as follows:

> [O]n or about April the 1st of 2003, around 11:15 p.m., the defendant and codefendants broke into an apartment located at 2342 Dwight, apartment number 2. They broke into this apartment through the back door. . . . Then Corry Jones, Cortez Hubbard and Marcia Hubbard entered the apartment and attacked LaQuinton and Reginald Taylor. LaQuinton advised officers that he and Reginald ran to a back bedroom. The victim Reginald Taylor, the victim of the . . . aggravated assault, . . . . went out a window while being chased by the three defendants. And when he went out the window, he sustained a compound fracture where the bone of his leg was jutting out through the skin. He went out the window with that being the second floor window. The other victim, LaQuinton, actually jumped out the second floor window and ran and got help.

While Reginald Taylor was lying on the ground with a broken leg, he was repeatedly kicked by the Appellant.

Following a sentencing hearing, the trial court denied the Appellant's request for alternative sentencing. This appeal follows.

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

The Appellant argues that we should not extend the trial court a presumption of correctness in our *de novo* review. He contends that the trial judge did not consider the sentencing principles in conjunction with all relevant facts and circumstances by "nominally acknowledg[ing] evidence of [his] mental illness" and not considering his mother's testimony. *See Ashby,* 823 S.W.2d at 169. The State contends that the trial court's denial of the Appellant's request for alternative sentencing was warranted based upon the Appellant's lengthy criminal history, the need to avoid depreciating

the seriousness of his offenses, and unsuccessful application of measures less restrictive than confinement in the past.

The Appellant in this case pled guilty to Class B and Class C felonies, as a Range I offender, and to a Class A misdemeanor. Based upon his Class B felony conviction, he receives no presumption in favor of alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(5) (2003). Therefore, the State did not have the burden of justifying incarceration according to statutory provisions. *State v. Sheila Ann Jones*, No. M2003-02776-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Dec. 9, 2004) (citing *State v. Michael W. Dinkins*, No. E2001-01711-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Apr. 26, 2002)). Given this fact, along with the fact that the trial court specifically explained its reasoning behind its denial of alternative sentencing, the trial court's sentencing determination is afforded the presumption of correctness.

The proof at the sentencing hearing established that the Appellant was twenty-five years old and lived with his mother. He dropped out of school in the eleventh grade. The Appellant's mother testified that her son was very immature for his age and expressed concern about his "mental stability." She related that he had been prescribed medication for his problems in the past but was not taking his medicine on the date of the crimes. She acknowledged that on the date the crimes were committed, the Appellant was "drinking" and that he does not make good decisions when drinking. A forensic mental evaluation of the Appellant confirmed that the Appellant suffered from a mental disorder that required medication although the evaluation opined that the Appellant understood the nature of the legal process, the charges against him, and the potential consequences of the charges. The evaluation concluded that no mental defenses were supported and that the Appellant was "competent to proceed with the disposition of his charges."

The pre-sentence report reflects only one brief period of employment during the Appellant's entire adulthood when he was employed as a cook for a one-month period at Church's Fried Chicken. The report also shows a pattern of criminal activity that began at age eighteen and continued to the present charges. The Appellant's criminal history reflects twenty-three prior convictions, including one felony conviction for aggravated assault and thirteen convictions for simple assault, in addition to numerous other misdemeanor convictions. Additionally, the pre-sentence report indicates that the Appellant had twice been found to be in violation of probation.

Our review of the record reveals that the trial court found that the Appellant's conduct was "egregious," that the Appellant had an extensive history of assault convictions, some of which occurred while he was incarcerated, and that he posed a "danger to the community." From these comments we discern the holding that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." *See* Tenn. Code Ann. § 40-35-103(1)(A) (2003). Moreover, the Appellant's prior probation violations demonstrate that "[m]easures less restrictive than confinement have . . . been applied unsuccessfully to the defendant." *See* Tenn. Code Ann. § 40-35-103(1)(C). Finally, because the Appellant was convicted of a Class B felony, it is his burden to establish that his sentence of eight years in confinement is improper. After *de novo* review, we conclude that the Appellant has failed to carry this burden.

**CONCLUSION**

Based upon the foregoing, we affirm the Shelby County Criminal Court's imposition of an effective eight-year sentence of incarceration.

_____
DAVID G. HAYES, JUDGE